IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FLOYD DALE HERBIG and
FLOYD DEAN HERBIG,

    Plaintiffs,

v.                                                                                             CV 12-384 LH/CG

JAMES LEROY FIELD and OVERTON TRANSPORTATION,
a Subsidiary of SYSCO CORPORATION and acquired by
GREATWIDE LOGISTICS SERVICES, Third-Party Logistics
Services,

    Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte*. A federal court may examine the basis for its subject matter jurisdiction at any time in the proceedings. *Tuck v. United Services Auto Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988), *cert. denied*. 489 U.S. 1080 (1989). Pursuant to the subsequent analysis, the question of subject matter jurisdiction for this action should be raised and addressed through this Order to Show Cause.

Removal statutes are to be strictly construed and all doubts are to be resolved against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The party invoking federal jurisdiction has the burden of establishing its propriety. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

For a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). In a case originally brought in federal court, the plaintiff's claimed amount is presumed to support jurisdiction. *Martin*

*v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001).  However, in a removal action, a defendant does not enjoy the same presumption.  *Id.*  Moreover, because there is a presumption against removal, the burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

In their complaint, Plaintiffs' claim to have sustained damages including "the property damage to their eighteen wheel truck, bodily harm, the costs of their past, present, and future medical expenses, as well as past, present, and future pain and suffering, lost wages and the costs of this action." (Doc. 1-1 at 4).  Defendants filed a notice of removal that claimed that the federal court has subject matter jurisdiction based on diversity of citizenship.  (Doc. 1 at 2).  Defendants support their contention that this Court has subject matter jurisdiction by stating that they have a good faith basis for asserting that the amount in controversy exceeds $75,000, but recite only the damages claimed by Plaintiffs in their complaint.  (Doc. 1 at 2).  However, Defendants, the party requesting removal, have provided no underlying facts to meet their burden of showing that the amount in controversy exceeds $75,000; conclusory allegations alone cannot justify this Court's exercise of jurisdiction.  *See Allen v. R & H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995); *Varela v. Wal-Mart Store, East, Inc.*, 86 F. Supp.2d 1109, 1111-12 (D.N.M. 2000).  Moreover, at the Rule 16 conference on September 4, 2012, and again at the status conference held on October 29, 2012, Plaintiffs' counsel indicated that his clients' damages are approximately $10,000.

Plaintiffs' suggestion that their damages may not exceed $75,000 leads the Court

to issue this order.  In an effort to conserve the resources of all parties, the Court finds that the question of subject matter jurisdiction should be resolved now, rather than later. If Defendants cannot provide facts to support their assertion that the amount in controversy exceeds $75,000, the Court will remand the case to state court for failure to establish the requisite amount in controversy.

**IT IS ORDERED** that Defendants shall show cause in writing by Monday, November 19, 2012, why this case should not be remanded for lack of subject matter jurisdiction on the issue of the amount in controversy.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE