IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FLOYD DALE HERBIG and
FLOYD DEAN HERBIG,

    Plaintiffs,

v.                                                                                                            CV 12-384 LH/CG

JAMES LEROY FIELD and OVERTON TRANSPORTATION,
a Subsidiary of SYSCO CORPORATION and acquired by
GREATWIDE LOGISTICS SERVICES, Third-Party Logistics
Services,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on *Defendants' Motion for Sanctions Pursuant to Rule 37* ("Motion for Sanctions"), (Doc. 33); *Plaintiff's Response to Defendants' Motion for Sanctions Pursuant to Rule 37* ("Response"), (Doc. 36); and *Defendants' Reply to Plaintiff's Response to Defendants' Motion for Sanctions Pursuant to Rule 37* ("Reply"), (Doc. 38).  A hearing on Defendants' Motion was held on February 7, 2013.  (Doc. 85).  After thorough consideration of the parties' filings and arguments at the hearing, the Court recommends that Defendants be awarded reasonable costs and attorneys' fees related to filing their Motion for Sanctions and Response to the Court's Order to Show Cause and that the amount in controversy be determined to exceed $75,000.

    **I.**    **Background**

Plaintiff's filed their Complaint for personal injuries and damages against Defendants in the Fourth Judicial District Court for the State of New Mexico on February 4, 2012; on April 13, 2012, Defendants removed the case to Federal Court based on diversity

jurisdiction.  (Doc. 1).  Though Plaintiffs provided Preliminary and Supplemental Disclosures in September and October 2012, Defendants contend that these disclosures did not include a complete calculation of damages, five years of medical providers, or HIPAA forms signed by Plaintiffs.  (Doc. 33 at 2).

At a telephonic status conference on October 29, 2012, the subject of a potential remand was discussed based upon some concerns over the amount in controversy. (Doc. 31; Doc. 33 at 3).  On November 1, 2012, the Court issued an Order to Show Cause, ordering Defendants to demonstrate to the Court why the case should not be remanded to state court for lack of subject matter jurisdiction on the issue of the amount in controversy.  (Doc. 32).   The following day, November 2, 2012, Defendants filed the instant motion, asking the Court to dismiss Plaintiffs' claims as a discovery sanction for failing to provide comprehensive initial disclosures; determine as a matter of law that the amount in controversy exceeds $75,000, or that Plaintiff's damages cannot exceed $75,000 on remand; and award Defendants reasonable attorneys' fees and costs for bringing this matter before the Court.  (Doc. 33 at 8).  Defendants responded to the Order to Show Cause on November 19, 2012, explaining that they had unsuccessfully attempted to reach Plaintiffs' counsel prior to filing the Notice of Removal to confirm the amount of damages, and further elaborating on the basis of their good faith belief that the amount in controversy exceeded $75,000 at the time of removal.  (Doc. 37 at 2, 5-8).

Plaintiffs filed their Response to the Motion for Sanctions on November 15, 2012, stating that the amount in controversy does not exceed $75,000 and asserting that Plaintiffs' counsel had only recently received Plaintiffs' medical bills and HIPAA

authorizations.  (Doc. 36 at 3).  On December 6, 2012, Plaintiffs' current counsel, Mr. Buttram, took over the case.  (Doc. 39).  At the hearing on February 7, 2013, Defendants' Counsel explained that Mr. Buttram provided the documents that were missing from the initial disclosures in December 2012.  (Doc. 85).  Additionally, on December 13, 2012, Plaintiff's Counsel filed *Plaintiffs Floyd Dale Herbig and Floyd Dean Herbig's Notice of Consent to Federal Jurisdiction*, in which he stated that new information obtained by Plaintiffs suggests that their claims exceed $75,000.  (Doc. 43 at 1).

Defendants have not withdrawn their Motion for Sanctions and United States District Judge Leroy Hansen referred the matter to the undersigned to make Proposed Findings and Recommended Disposition.  (Doc. 57).

**II.     Analysis**

Defendants' Motion for Sanctions asks the Court to impose sanctions on Plaintiffs because they failed to provide initial disclosures that include a complete calculation of damages, contact information of all of Plaintiffs' medical providers for the last five years, and HIPAA authorization forms signed by Plaintiffs.  Defendants argue that Plaintiffs' failure to provide this information violated Rule 26 of the Federal Rules of Civil Procedure and District of New Mexico Local Rule of Civil Procedure 26.3.  Additionally, Defendants assert that Plaintiffs' failure to produce the information prejudiced Defendants in its ability to comply with the Court's Order to Show Cause on the issue of the amount in controversy.

Under Rule 26 of the Federal Rules of Civil Procedure, a party, without awaiting a discovery request, must provide a computation of each category of damages claimed by

that party, as well as other documents and evidentiary material. Fed. R. Civ. P. 26(a)(1)(A). Additionally, in a case where the mental or physical condition of a party is an issue, the party whose condition is an issue must provide the name, address, and phone number of any healthcare provider who has treated the party within the past five years, as well as a signed authorization to release medical records. D.N.M.LR-Civ. 26.3(d). When a party fails to make a required disclosure, the other party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A). If the motion is granted or the disclosure is provided after the filing of the motion, the Court may require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorney's fees, incurred in filing the motion. Fed. R. Civ. P. 37(a)(5)(A). Additionally, the Court "may direct that certain facts shall be taken to be established for the purposes of the action." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763 (1980) (internal quotations omitted).

At the hearing on February 7, 2013, Defendants' Counsel stated that Plaintiffs provided the information about damages, the contact information for Plaintiffs' medical providers within the past five years, and the HIPAA authorizations in December when Mr. Buttram took over the case. (Doc. 85). Plaintiffs have also acknowledged that the amount in controversy exceeds $75,000, (Doc. 43), as required in order for the Court to have subject matter jurisdiction in a case based on diversity. 28 U.S.C. § 1332(a). Although the Court cannot exercise subject matter jurisdiction simply because the parties have consented, *see Laughlin v. Kmart Corp.* 50 F. 3d 871, 873 (10th Cir. 1995), the Court can establish as a fact in this case that, for purposes of jurisdiction, the amount in controversy exceeds $75,000. Therefore, this amount in controversy in this

case meets the required amount for diversity jurisdiction and the Court has original jurisdiction. See 28 U.S.C. § 1332(a).

Although Defendants have asked the Court to dismiss Plaintiffs' claims as a sanction under Rule 37, the Court recognizes the severity of that sanction and does not recommend dismissal. However, because of Plaintiff's failure to timely provide initial disclosures, Defendants incurred unnecessary costs and attorneys' fees in the filing of their Motion for Sanctions and Response to the Order to Show Cause. Thus, the Court recommends that Defendants be awarded reasonable costs and attorneys' fees.

### III.   Conclusion

For the reasons explained above, the Court **RECOMMENDS** that:

a) Plaintiffs be ordered to pay Defendants the reasonable costs and attorneys' fees for filing the Motion for Sanctions and Defendants' Response to Order to Show Cause; and

b) The Court establish as a fact, for the purposes of jurisdiction, that the amount in controversy exceeds $75,000.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE