# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FLOYD DALE HERBIG and FLOYD DEAN
HERBIG,

   Plaintiffs,

  -vs-             No. Civ. 12-0384 LH/CG

JAMES LEROY FIELD and OVERTON
TRANSPORTATION, a Subsidiary of SYSCO
CORPORATION and acquired by GREATWIDE
LOGISTICS SERVICES, Third-Party Logistics
Services,

   Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Plaintiff Floyd

Dale Herbig's Complaint ("Motion to Dismiss") (ECF No. 25), filed October 3, 2012.  The Court,

having reviewed the Motion, the accompanying memoranda, and the applicable law, and otherwise

being fully advised, finds that the Motion is not well taken and it will be **denied**.


The facts underlying this Motion, as presented by Defendants, are uncontested:

1.  On or about February 9, 2010, Mr. Floyd Dale Herbig ("Mr. Herbig" [or
"Plaintiff"]) was driving a tractor-trailer in Guadalupe County behind another
tractor-trailer operated by Mr. James Field.  The tractor-trailer operated by Mr.
Herbig struck the rear end of the tractor-trailer operated by Mr. Field and, as a result,
Mr. Field's tractor-trailer ran into a median and was overturned.

2.  On July 19, 2010, Mr. Field filed a complaint against Mr. Herbig and Rust &
& Sons Trucking, Inc. in federal court [*James Field v. Rust & Sons Trucking, Inc.,
Inc., and Floyd Herbig*, Civ. No. 10-0676 RB/RHS] and alleged that Mr. Herbig was

was liable for numerous injuries resulting from the February 9, 2010 collision based based on the theory of negligence.

  3.    In response, Mr. Herbig filed an answer to the Plaintiff's complaint on August 20, 2010 but did not assert any counter-claims against Mr. Field for injuries, property damages, or any other harm allegedly resulting from the accident.

  4.    At no time during the 2010 litigation did Mr. Herbig make any attempt to amend his answer to include a counterclaim against Mr. Field.

  5.    Shortly before the beginning of trial, the parties settled the 2010 litigation and filed a Motion to Dismiss [(ECF No. 78)] on November 9, 2011.  At this time, Mr. Herbig also notified Mr. Field of his intent to "pursue a claim against Overton Trucking" arising out of the February 9, 2010 tractor-trailer accident and alleged that Mr. Field's negligence caused him injury.  The court granted the Motion [Order to Dismiss (ECF No. 79)], and included language stating "that this settlement does not include the claims of Floyd Dale Herbig against James Field . . . and Overton Trucking" and that "this dismissal should not be construed to bar Herbig's claims against Field and Overton."

  6.    On February 24, 2012, Mr. Herbig brought this instant matter seeking damages from Mr. Field and alleged that it was Mr. Field's allegedly negligent operation of a tractor-trailer that caused the February 9, 2010 accident.

  7.    Mr. Herbig has asserted that he may bring suit against Mr. Field and Overton Overton because the November 14, 2011 Order and Federal Rules 13(a)(2)[1] and 13(f)[2] "provided and anticipated a counterclaim being field against Overton Transportation, et al. and James Leroy Field."

Mot. Dismiss 1-3 (citations omitted) (footnotes added); Pls.' Resp. (ECF No. 26) filed Oct. 8, 2012,

at 1.

---

[1]  Fed R. Civ. P. 13(a)(2), titled "Exceptions," provides in relevant part regarding compulsory counterclaims: "The pleader need not state the claim if: (A) when the action was commenced, the claim was the subject of another pending action . . . ."

[2]  As Defendants note in their Motion, Rule 13(f) was deleted by the 2009 amendments to the FEDERAL RULES OF CIVIL PROCEDURE.  The abrogated rule, titled "Omitted Counterclaim," provided: "The court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires."

Defendants contend that because Mr. Herbig did not assert his claims in this matter as compulsory counterclaims in the 2010 litigation, they are barred by application of FED. R. CIV. P. 13(a),[3] notwithstanding any language to the contrary included in the settlement of the earlier suit. suit. Specifically, Defendants argue that by failing to state these claims in his answer to Mr. Field's Field's suit on August 20, 2010, Mr. Herbig waived his right ever to assert them; thus, they could could not be revived by the Order to Dismiss entered on November 14, 2011.

Inexplicably, Mr. Herbig initially fails to acknowledge that Fed. R. Civ. P. 13(f) has been abrogated and cites to that rule in support of his contention that he did not waive his right to assert assert claims against Mr. Field and Overton Transportation in the first suit and that the Court so ordered in the Order to Dismiss.  He maintains that through that Order, the Court specifically granted him permission to bring this subsequent suit, as if it were permitting him to amend his answer to add a counterclaim.  Mr. Herbig also cites to Rule 13(i),[4] arguing that in entering the Order to Dismiss, the Court acknowledged that the litigation was not ending and that a separate lawsuit, with a separate trial and separate judgment, could occur.

In their reply, Defendants note that Rule 15(a),[5] rather than 13(f), was the applicable rule in in the 2010 litigation, and they restate their argument that because Mr. Herbig never amended or

---

3    Rule 13, titled "Counterclaim and Crossclaim," provides in relevant part that "[a] pleading must state as a counterclaim any claim that---at the time of its service---the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ."  FED. R. CIV. P. 13(a)(1).

4    FED R. CIV. P. 13(i), titled "Separate Trials; Separate Judgments," provides: "If the court orders separate trials under Rule 42(b), it may enter judgment on a counterclaim or crossclaim under Rule 54(b) when it has jurisdiction to do so, even if the opposing party's claims have been dismissed or otherwise resolved."

5    Rule 15, titled "Amended and Supplemental Pleadings," provides in relevant part:

  **(a)  Amendments Before Trial.**
    **(1)  *Amending as a Matter of Course.***  A party may amend its pleading once as a matter of course within:

3

attempted to amend his answer to plead the compulsory counterclaim under either rule, any claim claim was waived, pursuant to Rule 13(a), by operation of law.  Defendants also argue that Rule 13(i) does not authorize preservation of a compulsory counterclaim or permit a separate lawsuit if if the compulsory counterclaim was previously waived.  And while they agree that Mr. Herbig did did not settle his counterclaims against them in the earlier suit and that the Motion and Order to Dismiss entered therein should not be construed as dismissing those claims, Defendants again emphasize that by failing to plead the counterclaims in his answer in August of 2010, Mr. Herbig waived any right to assert compulsory counterclaims against them long before entry of the Order to to Dismiss.

In his supplemental briefing,[6] Mr. Herbig contends that in settling the 2010 action, Mr. Field Field contractually waived his right to argue that Plaintiff's claims are procedurally or substantively substantively waived, and quotes several parts of the Confidential Settlement Agreement and Release ("Settlement Agreement") reached in that matter:

> The Parties agree that the settlement of this matter and release of **Floyd Herbig**, **Rust & Sons Trucking, Inc.**, and **Zurich North America**, by **James Field**, **Field**, is being entered with the express agreement, intent and understanding that any any and all claims, counterclaims, rights or causes of action belonging to **Floyd Herbig**, raised or unraised, asserted or not asserted, in <u>James Field v. Rust & Sons</u>

---

        **(A)** 21 days after serving it, or
        **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of
            a motion under Rule 12(b), (e), or (f), whichever is earlier.
     **(2)** ***Other Amendments.***  In all other cases, a party may amend its pleading only with the
         opposing party's written consent or the court's leave. The court should freely give leave when
         justice so requires.
  . . . .

FED. R. CIV. P. 15(a).

6   By its Order, entered August 2, 2013, (ECF No. 172), the Court granted Plaintiffs' Motion for Leave to File Supplemental Briefing on Defendants' Motion to Dismiss [Doc. 25] (ECF No. 160) filed June 14, 2013, and deemed Plaintiffs' Supplemental Briefing on Defendants' Motion to Dismiss [Doc. 25] ("Plaintiff's Supplemental Response") filed as of that date.  The Court also allowed Defendants to file a supplemental brief in support of their reply.

<u>Sons Trucking, Inc. and Floyd Herbig</u>, No. 1:10:CV-00676-RB-RHS in the United United States District Court for the District of New Mexico, out of which this settlement and release arises, regarding **James Fields'** [sic] and/or **Overton Transportation's** liability arising out of an occurrence that happened on or about February 9, 2010, are not affected or prejudiced by this settlement beyond their express preservation herein. The Parties agree that any and all good and valuable consideration includes the preservation of claims which may be asserted by any person by reason of the injuries sustained by **Floyd Herbig**, that it shall not be argued that any such claims are procedurally or substantively waived, that this compromise and settlement shall in no way affect or prejudice such claims or counter-claims or any other cause of action presently or subsequently asserted against **James Field**, or his employer, **Overton Transportation**, and its parents, subsidiaries, affiliates, predecessors, officers, directors, employees . . . .

Pl.'s Supplemental Resp., Ex. 1, Settlement Agreement § 2.2(b) Release & Preservation.

. . . **Floyd Dale Herbig's** claims against **James Field and Overton Trucking** for negligence are not a part of this settlement agreement and this settlement agreement should not be construed to bar, affect or otherwise release any claims by **Floyd Dale Herbig** against **James Field and Overton Trucking**.

*Id.* § 4 Dismissal of Claims(s) and Preservation of Claims Against James Field and Overton

Trucking by Floyd Dale Herbig.

Plaintiff additionally argues that Defendants' Motion to Dismiss is not timely. Mr. Herbig

describes Defendants' Motion as one for failure to state a claim for which relief may be granted,

based upon his failure to comply with FED. R. CIV. P. 13(a) regarding the timing of his compulsory

counterclaim. As provided by FED. R. CIV. P. 12,

(b) **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
. . .
(6) failure to state a claim upon which relief can be granted; . . . .
. . .
A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. . . .

Fed. R. Civ. P. 12(b)(6). Thus, because Mr. Field did not file his Motion to Dismiss until October 3, 2012, but had answered the Complaint on July 16, 2012, *see* ECF No. 5, Plaintiff maintains the Motion is untimely and should be dismissed as a matter of law.

In their Supplemental Reply, (ECF No. 175) Aug. 14, 2013, Defendants maintain that the Settlement Agreement allows Mr. Field and Overton Trucking to file the Motion to Dismiss:

> . . . . The parties also agree that with respect to any claims or counterclaims that may be brought by Floyd Herbig against James Field or Overton Transportation, nothing in this agreement will operate to waive[,] restrict, or otherwise limit James Field's or Overton Transportation's defenses to such claims or counterclaims.

Pl.'s Supplemental Briefing, Ex. 1 § 2.2(b). Defendants further argue that because Overton Trucking was not a party to the underlying lawsuit, the Settlement Agreement between Mr. Field and Mr. Herbig in no way impacts Overton's ability to raise any defense, of any kind, in the present case, including Plaintiff's failure to file a compulsory counterclaim or to bring a related claim against Overton in the earlier suit.

With regard to the timeliness of their Motion, Defendants contend that Mr. Herbig should have raised this issue in his original response to the Motion, and having not done so, has waived this argument. Defendants also note that they each pleaded failure to state a claim as an affirmative defense in their Answers and filed their Motion to Dismiss within any deadlines set by the Court.

Finally, Defendants assert that Mr. Herbig has breached the Settlement Agreement by citing citing to and quoting its terms and actually attaching the document itself as an exhibit to his Supplemental Briefing. They stress that the document is titled "*Confidential* Settlement Agreement

Agreement and Release" and that it contains a "*Confidentiality*" provision, *id.* at 1, 3 § 6 (emphasis added), and request that the Court take action to remedy this issue as it deems fit.

Mr. Herbig does not dispute, and the Court agrees, that the claims he asserts here could have been pleaded as compulsory counterclaims against Mr. Field in the earlier case.  The issue, then, is what effect, if any, his failure to have done so has on this case.  Defendants contend that Plaintiff waived his right ever to bring these claims by failing to assert them in his answer to Mr. Field's suit.  They do not cite any cases that directly address their position, however, and the Court is unconvinced.  Obviously, the right to amend one's pleading, which "the court should freely give . . . when justice so requires," negates any argument that Mr. Herbig's answer established a cutoff point beyond which his right to assert counterclaims was extinguished.  FED. R. CIV. P. 15(a)(2); *cf.* FED. R. CIV. P. 13 advisory committee's note (2009 Amendments).[7]

No doubt, there are numerous cases holding generally that "if a compulsory counterclaim is not brought, the claim is later barred."  *See, e.g., Avemco Ins. Co. v. Cessna Aircraft Co.*, 11 F.3d 998, 1000 (10th Cir. 1993) (citing *Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 n.1 (1974); *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 276 n.4 (9th Cir. 1980)); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1417 at

---

7    This note provides in relevant part:

> Rule 13(f) is deleted as largely redundant and potentially misleading.  An amendment to add a counterclaim will be governed by Rule 15. . . . When the court's leave is required the reasons described in Rule 13(f) for permitting amendment of a pleading to add an omitted counterclaim sound differently from the general amendment standard in Rule 15(a)(2), but *seem to be administered---as they should be---according to the same standard directing that leave should be freely given when justice so requires*.

FED. R. CIV. P. 13 advisory committee's note (2009 Amendments) (emphasis added).

at 147 & n.1 (2010) ("A failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim."). This, however, is not the end of the matter. As the Oklahoma Supreme Court,[8] explains,

> courts have recognized two distinct theories underlying the compulsory counterclaim bar 1) merger and *res judicata* and 2) waiver and estoppel. Federal courts resting the compulsory counterclaim bar on merger and *res judicata* view . . . Rule 13(a) . . . as broadening the scope of the cause of action to include any claim or issue deemed to have been or that could have been determined when the judgment was rendered. In the view of these courts, the omitted counterclaim is merged into the judgment in the prior suit.
>
> Those courts resting the compulsory counterclaim bar on waiver and estoppel view the bar as arising from the culpable conduct of a litigant in failing to assert the compulsory counterclaim. Under this view, the question of whether an omitted compulsory counterclaim is precluded resides with the jury because the question of waiver and estoppel is ordinarily one of fact. Courts adopting this view do not strictly require that the bar rest on a judgment but allow it to be applied to cases dismissed after a compromise agreement.

*Robinson v. Texhoma Limestone, Inc.*, 100 P.3d 673, 675-76 (2004) (footnotes omitted). Oklahoma, like the Tenth Circuit Court of Appeals, takes the position that the compulsory counterclaim bar is closely related to the doctrine of claim preclusion and, thus, "the bar must rest upon the existence of a *judgment on the merits* rendered in the prior action." *Id.* at 676-77 & n6 (emphasis added) (citing *FDIC v. Hulsey*, 22 F.3d 1472 (10th Cir. 1994)). It follows, then, that

> [i]f the prior action was dismissed before judgment, a party cannot successfully invoke the compulsory counterclaim preclusive bar . . . in a subsequent action. In that vein, the Committee Comment to Section 2013 [Oklahoma's counterpart to FED. R. CIV. P. 13] states that "(i)f a defendant fails to assert a compulsory counterclaim in an answer but the action is *dismissed before trial*, the defendant is not precluded from raising his claim in a second action."

---

8    The text of Oklahoma's compulsory counterclaim statute is identical to the federal rule, leading its courts to look to federal law for guidance in its application. *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1103 n.10 (10th Cir. 2007) (citing *Robinson v. Texhoma Limestone, Inc.*, 100 P.3d 673, 676 n.6 (Okla. 2004)). Likewise, this Court finds Oklahoma jurisprudence on this issue instructive.

*Id.* 677.

This result mirrors the federal commentators' statement made upon the adoption of Rule 13: "If the action proceeds to *judgment* without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred." FED. R. CIV. P. 13 advisory committee's note (1937 Adoption) (emphasis added).  While the Note does not indicate what kind of judgment is contemplated, "[i]f the parties resolve their dispute by means of a consent judgment, . . . defendant may reserve the right to bring a later action on the counterclaim and no bar will result."  6 WRIGHT, MILLER, & KANE, *supra* § 1417 at 153-54 (citing *Benjamin v. United States*, 348 F.2d 502 (Ct. Cl. 1965); *Landers v. Smith*, 379 S.W.2d 884 (Mo. Ct. App. 1964); James, *Consent Judgments as Collateral Estoppel*, 108 U. PA. L. REV. 173 (1959)).  Indeed, even courts that find the waiver and estoppel analysis more appropriate and "are not persuaded that a final judgment is a sine qua non to invocation of the bar," recognize that the parties to a settlement can negotiate the applicability of the compulsory counterclaim bar.  *Dindo v. Whitney*, 451 F.2d 1, 3 (1st Cir. 1971) ("[T]he parties can protect themselves by demanding cross-releases.  In such circumstances, absent a release, better-tailored justice seems obtainable by applying principles of equitable estoppel.)

It is uncontested that no judgment on the merits was entered in the earlier suit between Plaintiff and Mr. Field.  Rather, that action was terminated upon entry of the Order to Dismiss, after the parties reached a settlement.  (ECM No. 79), filed Nov. 11, 2011.  The dismissal Order itself includes the reservation language of the Settlement Agreement, "this settlement does not include the claims of Floyd Dale Herbig against James Field, as an employee or agent of Overton Trucking, and Overton Trucking," and orders that

Floyd Dale Herbig's claims against James Field and Overton Trucking are not included in this settlement and dismissal, and that this dismissal should not be construed to bar Herbig's claims against Field and Overton Trucking for his injuries as a result of the accident forming the basis of this lawsuit, these claims being expressly reserved.

The Court will not permit Mr. Field to renege upon his specific agreement that Mr. Herbig's claims against him were expressly reserved, notwithstanding his general reservation of the right to assert defenses against any claims. As the Seventh Circuit has commented,

> Preclusion is an affirmative defense, and like other legal affairs is subject to contractual adjustment by the parties. Just as one litigant may promise not to plead the statute of limitations, so it may promise not to plead the defense of claim preclusion. If *A* promises *B* not to assert preclusion against some claim if adjudication is postponed, then *B* safely may omit that claim from pending litigation, even if it meets the standards of Rule 13(a).

*Publicis Commc'n v. True North Commc'ns Inc.*, 132 F.3d 363, 366 (1997), *construed in Robinson*, 100 P.2d at 676 n.7 ("[I]f the claim was not asserted in the prior suit, the aspect of claim preclusion known as merger and bar prevents a later assertion of that claim, *unless the parties agree otherwise*." (emphasis added)).

Regarding Defendant Overton Trucking, while it is true that it was not a party to the Settlement Agreement, more importantly, it was not a party to the underlying suit.[9] Therefore, Overton Trucking was not "an opposing party" against whom Mr. Herbig would have been required required to state compulsory counterclaims. *See* Fed. R. Civ. P. 13(a)(1) ("A pleading must state as state as a counterclaim any claim that---at the time of its service---the pleader has *against an opposing party . . . .*" (emphasis added)). Thus, the Motion to Dismiss also must be denied to as to to Overton Trucking.

---

9    "The term 'party,' in turn, means 'a person whose name is *designated on record* as plaintiff or defendant.'" *Avemco Ins.*, 11 F.3d at 1003 (Holloway, J. dissenting) (quoting *Black's Law Dictionary,* p. 1122 (6th ed. 1990)).

The Court finds it unnecessary to address other arguments raised by the parties in this Motion, except to note that the alleged breach of confidentiality of the Settlement Agreement, even if an appropriate matter for this Court's determination, is not properly presented by way of a supplemental reply brief.  Finally, the Court will address the current stay of this case and the status of other pending Motions by subsequent Order.

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff Floyd Dale Herbig's Complaint (ECF No. 25), filed October 3, 2012, is **DENIED**.

**SENIOR UNITED STATES DISTRICT JUDGE**

11