**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FLOYD DALE HERBIG and
FLOYD DEAN HERBIG,

      Plaintiffs,

v.                                                                                    CV 12-384 LH/CG

JAMES LEROY FIELD and OVERTON TRANSPORTATION,
a Subsidiary of SYSCO CORPORATION and acquired by
GREATWIDE LOGISTICS SERVICES, Third-Party Logistics
Services,

      Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte*.  In *Plaintiffs' Motion for Sanctions for Defendants' Violations of Discovery Orders* ("Motion for Sanctions"), filed on June 14, 2013, (Doc. 159), Plaintiffs move this Court for an order sanctioning Defendants for refusing to comply with this Court's discovery orders.  Plaintiffs allege that Defendants have failed to comply with this Court's orders to supplement their discovery answers and to produce responsive documentation, privilege logs, and logs detailing Defendant Overton's efforts to provide responsive documentation.  (Doc. 159 at 1-7).

Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, the Court may sanction a party for failing to comply with a court's order in various ways, including entering a default judgment against the disobedient party.  FED. R. CIV. P. 37(b)(2)(A). Before entering a default judgment against a disobedient party, however, the Court must provide notice to the disobedient party that its conduct may warrant a default judgment.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  Plaintiffs' Motion for Sanctions details a pattern of uncooperative and non-compliant behavior on

the part of Defendants and Defense Counsel Raul P. Sedillo.[1]  Specifically, Plaintiffs

allege that Defendants have failed to comply with five of this Court's orders, even after

the Court imposed a fine for each day that Defendants failed to comply with the Court's

order to produce documents.  (Docs. 99, 107, 114, 139, 150).  If true, Plaintiffs'

allegations provide a basis upon which Defendants may be subject to sanctions under

Rule 37, including entry of a default judgment.

If a Rule 37 violation is the fault of the litigant's attorney, then the attorney is the

proper party to suffer the sanction.  *M.E.N. Co. v. Control Fluidics, Inc.* 834 F.2d 869,

873 (10th Cir. 1987).  The district court must consider the relative fault of the attorney

with respect to the litigant and apportion part of a sanction for fees and costs, if

appropriate.  *Id.*  If the allegations in Plaintiffs' Motion for Sanctions are true, it may be

appropriate to sanction Defense Counsel.

**IT IS THEREFORE ORDERED** that Defendants and their attorneys must show

cause as to why they should not be sanctioned for failing to comply with this Court's

previous orders.  (Docs. 99, 107, 114, 139, 150).  Mr. Sedillo and a representative from

Defendant Overton Transportation shall appear in person at an Order to Show Cause

Hearing on **Monday, November 25, 2013, at 9:00 a.m.** in the Tortugas Courtroom,

United States Courthouse, 100 N. Church, Las Cruces.  Mr. Sedillo and Defendant

Overton Transportation's representative shall be prepared to testify, under oath, as to

why they failed to comply with this Court's orders, what efforts they made to locate the

---

[1] The Court notes that Jane A. Laflin and Brett C. Eaton entered their appearances as Defense Counsel on October 15, 2013, (Docs. 188, 190), four months after Plaintiffs' Motion for Sanctions was filed.  The Court assumes that Ms. Laflin and Mr. Eaton were not involved in Defendants' alleged failure to comply with the Court's Orders before October 15, 2013.

requested documents, and whether they have the documents that are the subject of the

Court's previous orders.

      **IT IS SO ORDERED**.


_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE